PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FÉLIX FIGUEROA, Defendant and Appellant.

No. 5315. Argued February 1, 1934.—Decided February 2, 1934.

*E. González Mena* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On July 8, 1932, Florencio López and Félix Figueroa were accused jointly of burglary in the first degree committed, according to the information, in the Municipality of Isabela, in the judicial district of Aguadilla. It is alleged that the accused, acting together, wilfully and maliciously, and with the criminal intent of committing theft, entered the dwelling-house of Manuel Amador, and removed several things therefrom. Codefendant Florencio López pleaded guilty, and appellant Félix Figueroa, after having entered a plead of not guilty, was found guilty by a jury, and sentenced by the lower court to one year in the penitentiary, at hard labor. The only error which the defendant-appellant assigns in requesting the reversal of the judgment is that the verdict of the jury is contrary to the evidence, since the latter consists of the testimony of an accomplice, which has not been corroborated, and is therefore insufficient to sustain the verdict.

Section 253 of the Code of Criminal Procedure provides that a conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

In the case of *People* v. *López*, 34 P.R.R. 252, this court reproduces the following words from a California decision, which in turn copied them from a Texas case:

" 'We suggest this mode as a proper test: eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him.' "

We have carefully examined all the evidence produced in this case, and except for the testimony of Florencio López, there is no evidence in the record connecting the defendant with the crime charged against him. Florencio López, who was accused jointly with Félix Figueroa, testified that the latter invited him to commit the crime, that they acted by mutual agreement, and that the one who entered the house and removed the stolen articles was the defendant appellant, the witness having remained on the porch. There is no evidence corroborating the testimony of this accomplice, or tending to connect the defendant with the crime. The verdict of the jury must have been based **exclusively** on the testimony of Florencio López, and the judgment entered as a consequence of the verdict must be reversed and the defendant acquitted.